UNITED STATES DISTRICT COURT
MINNESOTA DISTRICT COURT
MINNEAPOLIS

CASE NO.: ****

| | |
|---|---|
| AUGUST IMAGE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INVISION OPTICAL, LLC dba INVISION DISTINCTIVE EYEWEAR, <br><br> Defendant, | |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff AUGUST IMAGE, LLC, by and through its undersigned counsel, brings this Complaint against Defendant INVISION OPTICAL, LLC dba INVISION DISTINCTIVE EYEWEAR for damages, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff AUGUST IMAGE, LLC ("August") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute August's original copyrighted Work of authorship.

2. August is a unique agency model offering a boutique experience for clients worldwide. Beyond the unique creative caliber and exclusivity of August's photography, their deep knowledge of their collection and focus on the highest-level of customer service, make August an exceptional visual resource. August is dedicated to representing an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. August is the exclusive representative for the work of some of the most creative and innovative

contemporary photographers including Martin Schoeller, Art Streiber, Camilla Akrans, Ben Hassett, Kenneth Willards, Joe Pugliese, and many more.

3. Defendant Invision Optical, LLC dba InVision Distinctive Eyewear ("InVision"), is the largest independent eyewear company in the Twin Cities area. At all times relevant herein, InVision owned and operated the internet website located at the URL https://www.invision-optical.com/ (the "IV Website").

4. August alleges that Defendant copied August's copyrighted Work from the internet in order to advertise, market and promote its business activities. InVision committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the InVision's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Minnesota.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, InVision engaged in infringement in this district, InVision resides in this district, and InVision is subject to personal jurisdiction in this district.

## DEFENDANT

9. Invision Optical, LLC dba InVision Distinctive Eyewear, is a Minnesota Limited Liability Company, with its principal place of business at 3340 Galleria, Edina, Minnesota, 55435, and can be served by serving its Registered Agent, Anthony Bosca, at 3340 Galleria Edina, Minnesota 55435.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2014, non-party Martin Schoeller created the photograph entitled "AU1521699", which is shown below and referred to herein as the "Work".

11. Martin Schoeller registered the Work with the Register of Copyrights on February 05, 2021, and was assigned registration number VA 2-238-548. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. At all relevant times, August was licensed to use the copyrighted Work at issue in this case. The author of the work, Martin Schoeller, entered a contractual agreement with August that assigned all related permissions, releases, assignments, and rights to August Image. This agreement is attached hereto as **Exhibit 2**.



13. August published the Work by displaying it on its website at https://www.augustimage.com/ ("AI Website"). August's display of the Work on the AI Website

also included copyright management information ("CMI") next to the Work in the form of the Photographer's name (the "Attributions").

14. August's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work, in perspective, orientation, positioning, lighting, and other details, is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

## INFRINGEMENT BY INVISION

15. InVision has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, InVision copied the Work.

17. On or about April 28, 2022, August discovered the unauthorized use of its Work on the IV Website. The Work was shown on the 'Celebrities' webpage that shows different eyewear that celebrities have been seen wearing. Evidence of InVision's copyright infringement of the Work is attached hereto as **Exhibit 3**.

18. InVision copied August's copyrighted Work without August's permission.

19. After InVision copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its regular business activities.

20. InVision copied and distributed August's copyrighted Work in connection with its business for purposes of advertising and promoting the business, and in the course and scope of advertising and selling products and services.

21. August never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

22. August notified InVision of the allegations set forth herein on December 15, 2022, and January 11, 2023. To date, the parties have failed to resolve this matter.

23. When InVision copied and displayed the Work at issue in this case, InVision removed August's copyright management information from the Work.

24. August never gave InVision permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

25. August incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. August has valid licenses in the Work at issue in this case.

27. The Work at issue in this case was registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

28. InVision copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without August's authorization in violation of 17 U.S.C. § 501.

29. InVision performed the acts alleged in the course and scope of its business activities.

30. Defendant's acts were willful.

31. As a result, August has been damaged.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

32. August incorporates the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

33. The Work contains copyright management information ("CMI") in the form of the Attributions on the AI Website.

34. InVision knowingly and with the intent to enable, conceal or facilitate copyright infringement, displayed the Work on the IV Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

35. InVision distributed the Work to the IV Website knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

36. InVision committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of August's rights in the Work.

37. InVision caused, directed, and authorized others to commit these acts, knowing or having reasonable grounds to know, that it would induce, enable, facilitate or conceal infringement of August's rights in the Work at issue in this action protected under the Copyright Act.

38. As a result, August has been damaged.

**WHEREFORE,** the Plaintiff, AUGUST IMAGE, LLC, prays for judgment against the Defendant, INVISION OPTICAL, LLC DBA INVISION DISTINCTIVE EYEWEAR, that:

   a. InVision and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

   b. InVision be required to pay August its actual damages and Defendant's profits attributable to the infringement, or, at August's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

      c.      August be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

      d.      August be awarded pre- and post-judgment interest; and

      e.      August be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

August hereby demands a trial by jury of all issues so triable.

DATED: November 8, 2023

Respectfully submitted,

/s/ Faith Beckworth
FAITH BECKWORTH
Faith.beckworth@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.200.0168 – Telephone
561.404.4353 – Facsimile

and

NATHAN M. HANSEN
MN Attorney ID: 0328017
nathan@hansenlawoffice.com

**HANSEN LAW OFFICE**
P.O. Box 575
Willernie, MN 55090
651.704.9600 – Telephone

*Counsel for Plaintiff August Image, LLC*